RECEIVED
JUL 23 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| DAVEON DESHAUN McCULLOUGH | DOCKET NO. 15-CV-1851; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Petitioner Daveon Deshaun McCullough filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 10, 2015. Petitioner, who is represented by counsel, has been granted leave to proceed *in forma pauperis*. McCullough is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at the Louisiana State Penitentiary. He collaterally attacks his life sentence for second degree murder in light of the Supreme Court decision in Miller v. Alabama, 132 S.Ct. 2455 (2012).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

Petitioner Daveon McCullough alleges that he was convicted of a second degree murder that was committed on October 24, 1994, when Petitioner was seventeen (17) years old. McCullough was sentenced to life imprisonment without the benefit of parole, probation or suspension of sentence. His conviction and sentence were affirmed.

State v. McCullough, 2000-983 (La. App. 3d Cir. 12/6/2000), 774 So.2d 1105; writ denied, 2001-0533 (La. 1/25/02), 806 So. 2d 669. Petitioner sought habeas relief in this District Court, which was denied. See McCullough v. Cain, Civil Action No. 05-0674, 2008 WL 4899436 (W.D. La. Nov. 13, 2008), aff'd, 370 F. App'x 443 (5th Cir. 2010). The United States Supreme Court also denied writs. See McCullough v. Cain, 562 U.S. 1006 (2010).

Petitioner has filed the instant petition for habeas relief claiming that the United States Supreme Court case Miller v. Alabama, 132 S.Ct. 2455 (2012), which held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments, entitles him to resentencing. After the Miller decision, McCullough filed a Motion to Correct Illegal Sentence. On August 8, 2013, the Court issued an Order to stay pending additional rulings in the Louisiana Supreme Court. [Doc.#1, p.4-5] On November 5, 2013, the Louisiana Supreme Court ruled that Miller did not apply retroactively to cases on collateral review. See State v. Tate, 12-2763 (La. 11/5/13)[1]. Thereafter, Petitioner's motion to correct illegal sentence was denied. Petitioner sought

---

[1] Tate subsequently sought habeas relief in the United States District Court for the Eastern District of Louisiana. The Fifth Circuit Court of Appeals granted Tate's motion for authorization to file a successive §2254 petition. The Tate case has been stayed pending a decision from the United States Supreme Court in
Montgomery v. Louisiana, 2013-1163 (La. 6/20/14), 141 So. 3d 264, cert. granted, No. 14-280, 2015 WL 1280236 (U.S. March 23, 2015). [EDLa. Case No. 2:14-cv-2145, Doc. #33]

2

further review in the state appellate and supreme courts, but was denied relief.  Petitioner then filed for relief in this Court.

### Law and Analysis

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id. The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999), citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

McCullough's first petition was dismissed on the merits. Therefore, this petition is successive. Petitioner has not alleged that he applied for or received permission from the Court of

Appeals to file this successive petition in the District Court.

In re: Epps, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive habeas corpus petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive habeas petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

**Therefore, IT IS RECOMMENDED** that Petitioner's second and successive petition for writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana, on this 22nd day of July, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE